IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, § <br> BOP Register No. 33405-013, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> ADMINISTRATOR, ET AL., § <br> § <br> Defendants. § | | No. 3:20-cv-1311-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael S. Owl Feather-Gorbey ("Gorbey"), a federal prisoner, now incarcerated at USP Lewisburg, in the Middle District of Pennsylvania, returns to this Court to raise claims against the Bureau of Prisons's ("BOP's") Designation and Sentence Computation Center ("DSCC"), the BOP's centralized office for inmate classification and designation, located in Grand Prairie, Texas, in this district. *See* Dkt. No. 3. Gorbey claims that DSCC committed errors in April 2020 that resulted in his negligent transfer while on medical hold, which caused him not to receive an eye surgery. *See, e.g., id.* at 5-6. As a result, he now seeks $9 million, the eye surgery, an injunction to prevent further negligent transfers or designations by DSCC, and to be transferred to a minimum level camp or jail in the District of Columbia or be released from custody. *See id.* at 6.[1]

---

[1] *Cf. Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility ...." (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983))); *Waters v. United States*, 331 F. App'x 278, 280 (5th Cir. 2009) (per curiam) ("The district court correctly determined that

Gorbey has moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. And his case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Gorbey, as he admits, *see* Dkt. No. 3 at 9, is subject to this three-strikes bar.

> Gorbey, whether proceeding under his current moniker or as "Michael S. Gorbey" or "Michael Steven Owlfeather," is no stranger to the federal courts. *See, e.g., Gorbey v. Obama*, No. 7:16-cv-00455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016) (admonishing Gorbey that "[p]risoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions"; warning him "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction"; and noting that Gorbey has filed at least "twenty-five cases that qualify as strikes under 28 U.S.C. § 1915(g)" (as to the last point citing *Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms. & Explosives, et al.*, No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012))).

---

Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence in the Louisiana state prison system did not implicate a constitutionally protected right." (citing *Olim*, 461 U.S. at 246-47)); *Sanchez v. Fed. Bureau of Prisons*, No. 3:05-cv-2376-K, 2005 WL 3555465, at *2 (N.D. Tex. Dec. 19, 2005) ("Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit. Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution." (citations omitted)), *rec. adopted*, 2005 WL 3560624 (N.D. Tex. Dec. 27, 2005).

*Owl Feather-Gorbey v. Adm'r F. BOP Grand Prairie,* No. 3:17-cv-26-L-BN, 2017 WL 8727979, at *1 (N.D. Tex. Feb. 9, 2017), *rec. accepted,* 2018 WL 1609751 (N.D. Tex. Apr. 3, 2018).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't,* 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez,* 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to

allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not enough to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam). And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

Gorbey asserts that the DSCC's error has resulted in "a list of other injuries & imminent dangers at USP Lewisburg" but that these are "being address[ed] in suit against USP Lewisburg staff in a Pennsylvania court." Dkt. No. 3 at 6. Thus, Gorbey appears to be litigating the imminent-danger exception elsewhere, in a court with jurisdiction over the defendants who "have direct control over [his] safety." *Stine*, 2013 WL 6640391, at *2; *see also Stine*, 571 F. App'x at 354 ("Stine has also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas, because they have no control of conditions at [his BOP facility] and because Stine has no right to be assigned to any particular prison." (citing *Olim*, 461 U.S. at 245-46; *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976))).

The Court should therefore bar Gorbey from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice under 28

U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Michael S. Owl Feather-Gorbey pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE